THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WILLIAMS, Appellant. [773 NYS2d 110]—

Appeal by the defendant from a judgment of the County

Court, Suffolk County (Weber, J.), rendered June 23, 2000, convicting him of kidnapping in the second degree, assault in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and sentencing him, as a second felony offender, to consecutive terms of imprisonment of 25 years on the conviction of kidnapping in the second degree, 7 years on the conviction of assault in the second degree, and 3½ to 7 years on the conviction of grand larceny in the fourth degree.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed on the convictions of kidnapping in the second degree and assault in the second degree shall run concurrently with each other, and by vacating the sentence imposed on the conviction of grand larceny in the fourth degree; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

Pursuant to Penal Law § 70.25 (2), "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission . . . the sentences . . . must run concurrently." This section applies to acts committed during the course of a kidnapping (*see People v Gonzalez*, 80 NY2d 146 [1992]). Here, the defendant assaulted his former girlfriend as he kidnapped her. Accordingly, the sentences imposed on the convictions of kidnapping in the second degree and assault in the second degree must run concurrently.

In addition, pursuant to Penal Law § 70.06 (3) (e) and (4) (b), a second felony offender convicted of grand larceny in the fourth degree, a class E nonviolent felony, must be sentenced to an indeterminate term of imprisonment with a maximum of three to four years and a minimum of one half of the maximum. As the sentence imposed here was not within these statutory guidelines, it must be vacated.

The defendant's remaining contentions are not properly preserved for appellate review and, in any event, are without merit. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.